IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CRAGLE, | ) | Civil Action No. 2:26-cv-2200 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AVI FOODSYSTEMS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ROBERT CRAGLE, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and AMANDA N. SHIELDS, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and the Family and Medical Leave Act, 29 USCS §§ 2611 *et seq*. ("FMLA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

4. Pursuant to the violations described herein in Counts I through III, this Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count IV pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.

5. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about May 29, 2026, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

b. The EEOC issued a Notice of Dismissal and Right to Sue dated August 21, 2026; and

c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

6. Plaintiff, Robert Cragle, is a 62-year-old adult individual residing in Cambria County, Pennsylvania.

7. Defendant, AVI Foodsystems, Inc., is a business corporation with a local address of 201A Jacks Run, Youngwood, Pennsylvania 15697, a registered address of 2700 Neville Road, Pittsburgh, Pennsylvania 15225, and a corporate headquarters located at 2590 Elm Road NE, Warren, Ohio 44483.

8. At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant from in or about July, 2019, until his unlawful termination on or about June 9, 2025. At the time of Plaintiff's unlawful termination, he held the position of Route Supervisor.

10. From March 31, 2025, to June 8, 2025, Plaintiff took FMLA leave for a spinal fusion surgery that occurred on or about April 1, 2025, due to a pinched nerve caused by a cervical disc.

11. At all times relevant hereto, Defendant was aware of Plaintiff's spinal fusions surgery and/or Plaintiff's issues related to his neck, including his pinched nerve.

12. Plaintiff believes, and therefore avers, that Defendant perceived him to be disabled due to his spinal fusion surgery and/or neck problems.

13. On or about June 9, 2025, the date of Plaintiff's return to work, Plaintiff was unlawfully terminated from his position by Defendant.

14. Defendant refused to provide Plaintiff with a termination letter.

15. The reason given by Defendant for terminating the Plaintiff was that Plaintiff allegedly was allegedly responsible for losing a customer account. However, the reason provided by Defendant is pretextual and unworthy of belief for the reasons stated herein.

16. Plaintiff maintained good relationships with his accounts and, although accounts would be lost occasionally by other supervisors without those supervisors being disciplined. Additionally, Plaintiff rarely lost any customer accounts.

17. Plaintiff was never subjected to a negative performance review by Defendant prior to the time of his termination.

18. The alleged lost account for which Plaintiff was terminated was not the result of any actions by Plaintiff, but rather was the result of the actions a driver that Plaintiff supervised.

19. Prior to Plaintiff's FMLA leave, as described hereinbefore above, Plaintiff verbally reprimanded the aforementioned driver for his actions and coached him on how to better perform his job duties in the future.

20. Plaintiff also contacted the account and attempted to rehabilitate the relationship.

21. However, the account was ultimately lost due to the actions of the driver.

22. Similarly-situated, younger supervisors and/or supervisors who were not perceived to be disabled by Defendant had previously lost accounts and were not terminated and/or reprimanded by Defendant.

23. Prior to Plaintiff's termination, he received positive feedback by his supervisors on his job performance.

24. Additionally, Plaintiff was replaced by a significantly younger and less experienced individual.

25. For the reasons stated hereinbefore above, Plaintiff believes, and therefore avers, that he was discriminated against by Defendant based on his age, sixty-two (62), and/or disability and/or perceived disability.

26. Plaintiff further believes, and therefore avers, that he was terminated in retaliation for taking FMLA leave.

27. As a result of Defendant's actions, Plaintiff has suffered both professionally and financially.

28. Plaintiff believes, and therefore avers, that Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect individuals similarly situated to him.

COUNT I:

ADEA – AGE DISCRIMINATION

29. Plaintiff incorporates by reference Paragraphs 1 through 28 as though fully set forth at length herein.

30. As described hereinbefore above, Plaintiff was subjected to discrimination based on his age, in that he was treated differently and less favorably than younger employees, replaced by a

significantly younger individual, and terminated based on his age, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

31. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

32. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

33. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that in addition to the damages above, the Court award the Plaintiff that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct for an indefinite period in the future, to be determined by the jury;

d. liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

e. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

ADA – DISABILITY DISCRIMINATION

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as though fully set forth at length herein.

35. This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendant from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of disabilities and/or a perceived disabilities with respect to his ability to perform the necessary functions of his employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiff, of equal employment status because of disabilities or perceived disabilities. This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that he would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate his for his injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

36. Plaintiff, believes and therefore avers, that he was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to his rights under the law, in the terms and conditions of his employment because of disabilities or perceived disabilities as more fully described hereinafter above.

37. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing professional losses, deprivation of employment opportunities, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

38. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to his by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADA;

b. that the Court award the Plaintiff any monies and/or benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award damages to the Plaintiff to compensate him for his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d. that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation of the ADA;

e. that the Court order the Defendant to promote the Plaintiff to the position for which he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff back pay and front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct in an amount to be determined by the jury;

f. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

FAMILY AND MEDICAL LEAVE ACT
29 USCS §§ 2611 *et seq*.

RETALIATION

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth at length herein.

40. As described hereinbefore above, Plaintiff utilized FMLA to obtain benefits to which he was entitled. Defendant retaliated against the Plaintiff for utilizing FMLA as more fully described hereinbefore above.

41. As a direct result of Defendant's discriminatory actions, and in violation of the FMLA, Plaintiff has suffered professionally. In addition, Plaintiff has and/or will incur counsel fees and other costs in pursuing his legal rights. Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

42. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative under the FMLA;

b. that the Court award the Plaintiff any benefits lost due to the Defendant's unlawful conduct plus interest from the date of retaliation;

c. that the Court award damages to the Plaintiff to compensate him for damages resulting from his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d. that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation under the FMLA;

e. that the Court order the Defendant to promote the Plaintiff to the position for which he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff back pay and front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct in an amount to be determined by the jury;

f. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PHRA

43. Plaintiff incorporates by reference Paragraphs 1 through 42 as though fully set forth at length herein.

44. Defendant's actions in subjecting the Plaintiff to discrimination, a hostile work environment, and retaliatory conduct based on his age, sixty-two (62), disability and/or perceived disability, and were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

45. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has been negatively affected in his employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

46. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

b. that the Court award the Plaintiff any benefits lost due to the Defendant's unlawful conduct plus interest from the date of retaliation;

c. that the Court award damages to the Plaintiff to compensate him for damages resulting from his pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d. that the Court award the Plaintiff punitive damages as a result of the Defendant's willful violation under the PHRA;

e. that the Court order the Defendant to promote the Plaintiff to the position for which he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff back pay and front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct in an amount to be determined by the jury;

f. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
Massimo A. Terzigni, Esquire
PA ID No. 317165
Amanda N. Shields, Esquire
PA ID No. 334025
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: October 7, 2026